# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### CIVIL ACTION NO. 5:10-cv-00173-RLV-DSC

| | |
|---|---|
| **MATTHEW J. LACEY AND WIFE,**<br>**MELISSA A. LACEY**<br>**a/k/a MELISSA A. HEINZE**<br>**a/k/a MELISSA A. SMITH**<br>          **Plaintiffs,**<br><br>**vs.**<br><br>**EMC MORTGAGE CORPORATION,**<br>**a Delaware Corporation;**<br>**BANK OF AMERICA, NATIONAL**<br>**ASSOCIATION, as successor**<br>**by merger to LaSalle Bank National**<br>**Association, as Trustee for certificate**<br>**holders of Bear Stearns Asset Backed**<br>**Securities, Inc., Asset Backed**<br>**Certificates, Series 2004-1 (Holder)**<br>**DAVID A. SIMPSON, (Substitute Trustee);**<br>**DOES 1 through 100, inclusive;**<br>          **Defendants.** | **MEMORANDUM AND**<br>**RECOMMENDATION AND ORDER** |

**THIS MATTER** is before the Court on Defendants' "Motion ... to Compel Arbitration and Dismiss or Stay Litigation" (document #16) and the parties' associated briefs and exhibits.  See Documents ##17, 20, and 26.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and the Motion is ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will grant Defendants' Motion to Compel Arbitration and stay this matter pending the outcome of that proceeding, as discussed below.

# I. PROCEDURAL AND FACTUAL BACKGROUND

      This case arises from the relationship between the parties created by a Note and Deed of Trust that Plaintiffs Matthew J. Lacey and wife Melissa A. Lacey executed as part of a home mortgage transaction. Amended Complaint, ¶ 25 (document #8). The Amended Complaint alleges that Defendant Bank of America ("BOA") at all relevant times has been the owner of the mortgage obligation, and that Defendant EMC Mortgage Corporation ("EMC"), as the agent of BOA, services the mortgage. Id., ¶¶ 11, 16, 22.[1] The Amended Complaint alleges a variety of federal and state law claims against EMC and BOA.

In their Amended Complaint, Plaintiffs allege that the Note and Deed of Trust are the contracts between the parties, stating that "[t]he Note and Deed of Trust set forth the contractual terms and conditions that would govern the agreement made between the parties. According to the terms of the Deed of Trust, the Plaintiffs and Defendants agreed that the loan documents executed in conjunction with the loan involved interstate commerce." Amended Complaint, ¶ 28. The Amended Complaint further states that "Plaintiffs and Defendants signed under seal a Note and Deed of Trust which represents a contract entered into by mutual assent by the parties, the terms of which are delineated in the Note and Deed of Trust." Id., ¶ 135.

According to the Amended Complaint, it was the alleged breach of the Note and Deed of Trust that caused harm to the Plaintiffs. Id., ¶¶ 39-42 (alleging breaches of the Note and Deed of Trust); id., ¶¶ 50-57 (outlining the requirements in the Note and Deed of Trust and alleging failure to comply with the requirements); id., ¶ 100 (alleging a breach of the Note and Deed of Trust); id.,

---

[1]     Defendant David A. Simpson is the substitute trustee under the Deed of Trust. Amended Complaint, ¶ 23. He is named only in the First Cause of Action, where Plaintiffs seek an injunction to prevent a foreclosure. None of the other claims are directed at him. Moreover, the First Cause of Action is moot, as a result of EMC and BOA's agreement to postpone foreclosure while this matter is pending.

¶¶ 108-113 (outlining the requirements of the contract between the parties and alleging a breaches of the contract).

Paragraph 24 of the Deed of Trust, which is attached to the Amended Complaint as Exhibit B and incorporated therein, is titled "**Agreement to Mediate or Arbitrate**" (emphasis in original; hereafter the "Arbitration Provision"). The Arbitration Provision provides in pertinent part as follows:

> Except as set forth below, all claims, counter-claims, disputes, legal controversies and other matters in question arising out of, or relating to the extension of credit (the "Loan") by Lender to Borrower which is evidenced by the Note, this Security Instrument and all other instruments executed in conjunction with them (collectively the "Loan Agreements") shall be **MEDIATED** by the Borrower and the Lender. . . .

> \* \* \*

> This Agreement to mediate is specifically enforceable.

> If for any reason the mediation is not completed within 45 days after the mediator is selected, or if after the mediation, the dispute is still unresolved, such dispute shall be resolved solely and exclusively by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association then in effect to the extent allowed by applicable law except as set forth below. THE ARBITRATION WILL TAKE THE PLACE OF ANY COURT PROCEEDING INCLUDING A TRIAL BEFORE A JUDGE AND JURY. . . . This Agreement to arbitrate shall be specifically enforceable. . . .

> \* \* \*

> Borrower and Lender agree that the Loan Agreements executed in conjunction with this loan involve interstate commerce . . . .

> \* \* \*

> Notwithstanding the foregoing, this Agreement to mediate or arbitrate shall not apply with respect to either (i) the Lender's right, but not the obligation, to submit and pursue in a court of law any actions related to the collection of the debt; (ii) foreclosure proceedings . . .; or (iii) an application by or on behalf of the Borrower for relief under the federal bankruptcy laws . . . .

Amended Complaint, Ex. B, pp. 4-5 (emphasis in original). The Arbitration Provision also limits the parties to pursuing individual rather than class action relief, and to recovering "actual and direct damages" but not "consequential, punitive, exemplary or treble damages." Id.

It is undisputed that Plaintiffs were represented by counsel during the loan closing and had an opportunity to review the Deed of Trust. Plaintiffs initialed every page of the Deed of Trust, including the pages containing the Arbitration Provision.

Plaintiffs filed their Amended Complaint on December 23, 2010 in response to Defendants' "Motion to Dismiss" (document #4) filed on November 18, 2010.

On January 26, 2011, Defendants filed their Motion to Compel Arbitration. Defendants further request that this matter be dismissed or stayed while arbitration is conducted.

In their brief, Plaintiffs oppose Defendants' Motion on grounds of unconscionability. Plaintiffs contend that the Arbitration Provision contained in the Deed of Trust is unconscionable for the following reasons: (1) Plaintiffs were unaware of the Arbitration Provision, (2) inequality of bargaining power between the parties, (3) waiver of class action rights, (4) limitation of damages, (5) high costs of arbitrating before the American Arbitration Association ("AAA"), and (6) preservation of Defendants' right to opt out of arbitration and pursue court action to collect the debt, foreclose the mortgage, or participate in any bankruptcy proceeding.

With their Reply, Defendants submit the "Affidavit of Alan M. Ruley," their lead counsel. Ruley's Affidavit includes a February 22, 2011 email where Defendants agreed to Plaintiffs' request that any arbitration be conducted according to AAA rules, but not before the "AAA itself" in an attempt to reduce arbitration costs for both parties. Exhibit A to Document #26. In his Affidavit, Ruley re-asserts Defendants' willingness to limit arbitration costs in this manner. Id.

Defendants' Motion has been fully briefed and is, therefore, ripe for determination.

## II. DISCUSSION OF CLAIMS

The Federal Arbitration Act ("FAA") establishes a federal policy favoring the enforcement of written agreements to arbitrate. Specifically, the FAA provides that arbitration clauses "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA requires courts to stay the proceeding and compel arbitration in the event of a refusal to comply with a valid agreement to arbitrate. 9 U.S.C. § 3. The Court must compel arbitration even if the disputed claims are exempted from arbitration or otherwise considered nonarbitrable under state law. Perry v. Thomas, 482 U.S. 483, 489 (1987) (state statute that required litigants to be provided a judicial forum for resolving wage disputes "must give way" to Congress' intent to provide for enforcement of arbitration agreements); Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 90 (4th Cir. 2005) (FAA preempts state law barring arbitration of certain claims).

The Supreme Court has held that "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 26 (1991) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)). "Pursuant to that liberal policy, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability. " Moses H. Cone, 460 U.S. at 24-25; see also Choice Hotels Intern., Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 710 (4th Cir. 2001); Long v. Silver, 248 F.3d 309, 315-16 (4th Cir. 2001); O'Neil v. Hilton Head Hosp., 115 F.3d 272, 273-74 (4th Cir. 1997).

The Fourth Circuit has stated that

[T]he heavy presumption of arbitrability requires that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration. Thus, we may not deny a party's request to arbitrate an issue unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.

Long, 248 F.3d at 315-16 (internal citations omitted).

On the other hand, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960). See also AT & T Technologies, Inc. v. Communications Workers, 475 U.S. 643, 648 (1986); Johnson v. Circuit City Stores, Inc., 148 F.3d 373, 377 (4th Cir. 1998); Arrants v. Buck, 130 F.3d 636, 640 (4th Cir. 1997).

Therefore, prior to determining the scope of the arbitration agreement, the Court must determine that a valid agreement to arbitrate exists between the parties by applying "ordinary state-law principles that govern the formation of contracts." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995); see also Hill v. PeopleSoft USA, Inc., 412 F.3d 540, 543 (4th Cir. 2005). Specifically, "courts should remain attuned to well-supported claims that the agreement to arbitrate resulted from the sort of fraud or overwhelming economic power that would provide grounds for the revocation of any contract." Gilmer, 500 U.S. at 33 (internal quotations and citations omitted). For instance, "generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening [9 U.S.C.] § 2." Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 687 (1996).

        As discussed above, Plaintiffs do not contest that the present dispute is within the scope of the Arbitration Provision, but argue only that the Court should deny Defendants' Motion to Compel Arbitration because the arbitration provision was forced on Plaintiffs and is so one-sided and cost

prohibitive to Plaintiffs that, as a matter of law, it is unconscionable and should not be enforced. In support of their position, Plaintiffs rely heavily on a recent North Carolina Supreme Court case, Tillman v. Commercial Credit Loans, Inc., 362 N.C. 93, 655 S.E.2d 362 (2008).

In Tillman, the North Carolina Supreme Court analyzed whether an arbitration provision contained in a consumer loan agreement was enforceable against the individual plaintiffs, two consumers who had purchased various disability and life insurance policies from the defendant insurance company. When the plaintiffs brought suit against the insurance company regarding charges of excessive fees and premiums under the terms of the insurance policies, the insurance company sought to compel arbitration. The plaintiffs responded by requesting that the court strike the arbitration provision as unconscionable. The Tillman court stated that

> A court will find a contract to be unconscionable only when the inequality of the bargain is so manifest as to shock the judgment of a person of common sense, and where the terms are so oppressive that no reasonable person would make them on the one hand, and no honest and fair person would accept them on the other.

Id. at 101, 655 S.E.2d at 369 (internal quotations omitted).

The party asserting unconscionability must prove both: (1) procedural unconscionability and (2) substantive unconscionability. Id. at 102, 655 S.E.2d at 370. Procedural unconscionability is "bargaining naughtiness" in the form of unfair surprise, lack of meaningful choice and an inequality of bargaining power. Id. at 102-103, 655 S.E.2d at 370. Substantive unconscionability is "harsh, one-sided and oppressive contract terms." Id. at 103, 655 S.E.2d at 370.

"Moreover, a court will find a contract to be unconscionable 'only when the inequality of the bargain is so manifest as to shock the judgment of a person of common sense, and where the terms are so oppressive that no reasonable person would make them on the one hand, and no honest and fair person would accept them on the other.'" Mahmoud v. Carmax Auto Superstores, Inc., No.

3:10 CV 421, 2011 WL 32518, at *2 (W.D.N.C. Jan. 5, 2011) (emphasis added) quoting Brenner v. Little Red Sch. House, Ltd., 302 N.C. 207, 213, 274 S.E.2d 206, 210 (1981).

Plaintiffs have not established the existence of the unfair surprise, lack of meaningful choice, and inequality of bargaining power necessary to prove procedural unconscionability. Any surprise was a product of Plaintiffs' failure to read the Deed of Trust or question their counsel about its terms. The present case is much different from Tillman, where the plaintiffs received instructions regarding the execution of the contract directly from the defendant and did not have counsel. Tillman, 362 N.C. at 103, 655 S.E.2d at 370.

In their Amended Complaint, Plaintiffs admit they knew that execution of the Deed of Trust was a condition precedent to obtaining the loan, but do not allege that they requested a copy of the Deed of Trust prior to closing or were prevented from reading it at the closing. Plaintiffs initialed every page of the Deed of Trust, including the pages containing the Arbitration Provision. A party signing a written contract has a duty to inform himself [or herself] of its contents before executing it." Mahmoud, at *2 citing Sydnor v. Conseco Fin. Serv. Corp., 252 F.3d 302, 306 (4th Cir. 2001).

Similarly, there is no lack of meaningful choice because Plaintiffs have not asserted that they could not have obtained a loan elsewhere.

There is no inequality of bargaining power because Plaintiffs bargained for and obtained exactly what they wanted – a home loan – and Plaintiffs were represented by counsel at the time they signed the Deed of Trust. Contrary to Plaintiffs' assertion, procedural unconscionability does not automatically arise when one party conditions its dealings with another party on the execution of an arbitration agreement. See Mahmoud, at *1-2 (holding that procedural unconscionability did not exist even though defendant admitted it would not deal with plaintiff unless an arbitration agreement was executed).

Finally, in their Amended Complaint, Plaintiffs seek to enforce specific numbered paragraphs of the Deed of Trust which appear on pages that Plaintiffs initialed in the same manner as the pages containing the Arbitration Provision. The fact that Plaintiffs specifically assert the validity of selected terms of the Deed of Trust, which they do not claim to have seen prior to closing, further highlights the absence of procedural unconscionability as to all of the terms of the Deed of Trust.

Plaintiffs have also failed to meet their burden to establish substantive unconscionability which refers to harsh, one-sided, and oppressive contract terms. Tillman, 362 N.C. at 103, 655 S.E.2d at 370. To the extent that Plaintiffs attempt generally to transform the mere existence of the Arbitration Provision into proof of substantive unconscionability, "[t]here is nothing ... substantively unfair about binding arbitration. If there were, there would not be the strong policy favoring it." Wagoner v. American Family Life Assurance Co. of Columbus d/b/a AFLAC, No. 1:08 CV 394, 2009 WL 1405524 (M.D.N.C. May 18, 2009) quoting Wilkerson ex rel. Estate of Wilkerson v. Nelson, 395 F. Supp. 2d 281, 289-90 (M.D.N.C. 2005).

Plaintiffs specifically assert that (1) the costs associated with arbitration; (2) the waiver of class action lawsuits; and (3) the limitations of damages prove substantive unconscionability. Plaintiffs are mistaken. At the outset, the Court notes that Defendants have agreed to limit costs of arbitration by following AAA rules but not arbitrating before the AAA. Accordingly, Plaintiffs' argument concerning costs is moot.

Similarly, Plaintiffs argument about waiver of class actions is inapplicable here where they have not attempted to bring a class action. In any event, it is well settled that "[t]he mere presence of a prohibition against class actions ... does not render the [Arbitration Provision] unconscionable." Wagoner, at *6 citing Atkins v. Labor Ready, Inc., 303 F.3d 496, 503 (4th Cir. 2002).

With regard to the limit on damages provision, the Court finds that this provision is not one-sided but rather holds Defendants to the same standard for any reciprocal claims it may have against Plaintiffs. Consequently, this provision does not amount to substantive unconscionability.

Though not within the argument section of their Brief, Plaintiffs also contend that the exceptions to the Arbitration Provision render it substantively unconscionable. The exceptions are limited to foreclosure proceedings (of which collection of the underlying debt is an ancillary proceeding) and to applications for relief under the federal bankruptcy laws. Arbitration appears to be an impracticable forum for these exceptions, and therefore, these exceptions do not render the Arbitration Provision unconscionable.

. Because Plaintiffs have failed to meet their burden of establishing procedural and substantive unconscionability, the Court concludes that the arbitration provision should be enforced. Accordingly, Defendants' Motion to Compel Arbitration will be granted. Rather than recommend dismissal of this action, the Court will exercise its discretion and stay this proceeding pending the outcome of arbitration.

## III. <u>ORDER</u>

**IT IS HEREBY ORDERED** that**:**

1. Defendants' "Motion ... to Compel Arbitration and Dismiss or Stay Litigation" (document #16) is **GRANTED** to the extent it seeks non-dispositive relief, that is, Plaintiffs and Defendants are **ORDERED** to submit their dispute to binding arbitration pursuant to the provisions of the Arbitration Provision, as modified by the parties, concerning arbitrating by AAA rules but not before the AAA.

2. This matter is **STAYED** pending the outcome of the arbitration. Within 30 days of the

issuance of an arbitration award or other resolution of that proceeding, the parties' counsel, jointly or severally, shall report the results to the Court.

## IV.  RECOMMENDATION

Having **ORDERED** arbitration and **STAYED** this matter pending the outcome of that proceeding, the undersigned will respectfully recommend that the portion of Defendants' "Motion ... to Compel Arbitration and Dismiss or Stay Litigation" (document #16) that seeks dismissal of the Amended Complaint pending arbitration be **DENIED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same.  Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).  Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; and to the Honorable Richard L. Voorhees.

**SO ORDERED.**                              Signed: April 6, 2011

David S. Cayer
United States Magistrate Judge